UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MUHAMMAD TAYYAB SHAHEEN, et al., )<br><br>Plaintiffs, )<br><br>v. )<br><br>MARCO A. RUBIO, )<br>*in his official capacity as U.S. Secretary of State,* )<br>et al., )<br><br>Defendants. ) | Case No. 25-cv-01186 (APM) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Shazia Waseem is the beneficiary of an approved family-sponsored visa petition filed by her sibling, Plaintiff Muhammad Tayyab Shaheen. Compl., ECF No. 1 [hereinafter Compl.], ¶¶ 1, 34–35, 60–61. Plaintiff Uzair Abbas, one of Plaintiff Waseem's children, is a derivative applicant. *Id.* ¶¶ 1, 62–63. According to Plaintiffs, on February 29, 2024, they appeared for an interview at the U.S. Embassy in Islamabad, Pakistan. *Id.* ¶¶ 3, 66. That same day, the consular officer approved their visa applications. *Id.* ¶ 67; Compl., Ex. B, ECF No. 1-4. While Plaintiff Waseem and most of her children received their visas and passports shortly thereafter, Plaintiff Abbas did not. Compl. ¶ 68. The Embassy informed Plaintiff Abbas that his application was subject to additional administrative processing. *Id.* ¶ 69. On August 12, 2024, the Embassy requested additional information and documentation from Plaintiff Abbas, which he provided the same day. *Id.* ¶ 70. Notwithstanding Plaintiff Abbas's compliance, his application remained "refused" 13 months later, as of the date Plaintiffs filed suit. *Id.* ¶ 74. Contending that Defendants' failure to act constitutes a violation of law, *id.* ¶¶ 129–188, Plaintiffs ask the court to compel

agency action pursuant to the Administrative Procedure Act (APA) and to issue a writ of mandamus.

Defendants move to dismiss on two grounds. In a now familiar, near boiler-plate motion, Defendants contend that: (1) the D.C. Circuit's opinion in *Karimova v. Abate*, No. 23-5178, 2024 WL 3517852 (D.C. Cir. July 24, 2024), incontrovertibly holds that a consular officer has no duty to act on a visa application held in administrative processing, and (2) Plaintiffs' claims are barred by the doctrine of consular nonreviewability. *See* Defs.' Mot. to Dismiss, ECF No. 5 [hereinafter Defs.' Mot.], at 4–12.

As to the first ground, the court does not read *Karimova* so broadly. *Karimova* held only that "Section 555(b) [of the APA]—and *only* Section 555(b)" does not place a "clear, non-discretionary duty" on a consular officer to "re-adjudicate [an] already-refused application." 2024 WL 3517852, at *3. It offered no opinion as to whether any other source of law creates a nondiscretionary duty. *Cf. Nikjooy v. Rubio*, No. 24-cv-1989 (LLA), 2025 WL 2634440, at *6–8 (D.D.C. Sept. 12, 2025). Plaintiffs here rely on § 555(b), *see* Compl. ¶¶ 96, 174, but not exclusively like the plaintiff in *Karimova*. They also assert that, among other sources of law,[1] 22 C.F.R. § 42.81(e) requires a consular officer to act on their corrected applications. *See id.* ¶¶ 101, 135–36, 143. That section provides: "If a visa is refused, and the applicant within one year from the date of refusal adduces further evidence tending to overcome the ground of ineligibility on which the refusal was based, the case shall be reconsidered." 22 C.F.R. § 42.81(e). At least one Circuit court has held that "§ 42.81(e) by its plain terms imposes a nondiscretionary, ministerial duty to reconsider the denial of a visa application when the applicant adduces further

---

[1] Plaintiffs also cite 22 C.F.R. §§ 42.62(b), 42.81(a); 8 U.S.C. §§ 1202(b) & (d), 1571(b); 9 FAM 504.7-2(b); and District of Columbia Appropriations Act, 2000, Pub. L. 106-113, § 237, 113 Stat. 1501A-430 (1999). Compl. ¶¶ 136–38, 141–43, 163–64.

2

evidence tending to overcome the ground of ineligibility." *Rivas v. Napolitano*, 714 F.3d 1108, 1111 (9th Cir. 2013); *accord Makttoof v. Rubio*, No. 24-cv-1344 (JDB), 2025 WL 928706, at *4–5 (D.D.C. Mar. 27, 2025). *But see Moradi v. Rubio*, No. 24-cv-2902 (GMH), 2025 WL 1865110, at *11 (D.D.C. July 7, 2025) (holding that § 42.81(e) does not impose a nondiscretionary duty to reconsider). Defendants do not, however, grapple with § 42.81(e) or *Rivas*. *See* Defs.' Reply in Further Support of Defs.' Mot., ECF No. 8, at 7–9 (addressing 8 U.S.C. § 1202 and 22 C.F.R. § 42.81(a) as sources of a nondiscretionary duty but not § 42.81(e)). So, even if *Karimova* disposes of § 555 of the APA as the basis for a discrete legal duty, Defendants' failure to dispute § 42.81(e) as an alternate source means that dismissal is not warranted.

As to the defense of consular nonreviewability, courts in this District repeatedly have held that inaction on a visa application designated for further processing is not shielded from review under that doctrine. *See, e.g.*, *Al-Gharawy v. U.S. Dep't of Homeland Sec.*, 617 F. Supp. 3d 1, 11 (D.D.C. 2022); *Nine Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the U.S. v. Kerry*, 168 F. Supp. 3d 268, 292 (D.D.C. 2016). And *Karimova* did not clearly rule on the applicability of consular nonreviewability to visa applications in such status. *See Karimova*, 2024 WL 3517852, at *6; *Thein v. Trump*, No. 25-cv-2369 (SLS), 2025 WL 2418402, at *8–10 (D.D.C. Aug. 21, 2025).

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 5, is denied.

Dated: October 30, 2025

Amit P. Mehta
United States District Judge

3